UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**TRINEY LAVELLE PRICE**          **CIVIL ACTION NO. 20-0072**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**WARDEN PATRICK JOHNSON, ET AL.**     **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Triney Lavelle Price, a former prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately January 13, 2020, under 42 U.S.C. § 1983. He names the following defendants: Warden Patrick Johnson, Captain Paul Campbell, and Detective Wade Murphy.[1] For reasons below, the Court should dismiss Plaintiff's claims as moot.

### Background

On March 18, 2020, the Court dismissed some of Plaintiff's claims, as well as his request for a transfer and request for monetary relief, but retained his claims that he was denied his right to practice his religion and that he was confined under conditions depriving him of mental health. Of import, the Court retained only one of Plaintiff's requests for relief: placement in "population" at OCC. [doc. #s 1, p. 8; 8, p. 11].

As to what remains, Plaintiff claims that when he arrived at OCC on July 1, 2019, Warden Patrick Johnson placed him in a two-person cell which Plaintiff refers to as "lockdown."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, pp. 3-4, 7]. He claims that in lockdown he was denied telephone privileges, access to the law library kiosk, religious services, good-time classes and self-help programs, daily showers, television, adequate visitation, adequate time out of his cell, and outside recreation. [doc. # 1, pp. 5-6]. The lack of outdoor recreation caused him mental anguish and emotional distress. *Id.* at 7. He also lacked cleaning supplies to sanitize his cell. [doc. # 8, p. 4].

Plaintiff alleges that he endured pain, suffering, high blood pressure, suicidal thoughts, emotional distress, mental anguish, depression, anxiety, and a deteriorating mental capacity. [doc. #s 1, p. 7; 8, p. 10].

Defendants moved for summary judgment on October 22, 2020. [doc. # 19]. On October 23, 2020, the Court docketed a "Notice of Motion Setting Without Date," informing Plaintiff that he must respond by November 23, 2020. [doc. # 20]. On November 12, 2020, the United States Postal Service returned the "Notice of Motion Setting Without Date" to the Court, noting, "Return to Sender[,] Attempted-Not Known[,] Unable to Forward." [doc. # 21]. The phrase, "not here" is written on the envelope, presumably by an official at OCC. *Id.* Plaintiff has not updated his address.

The Louisiana Department of Public Safety and Corrections' Imprisoned Person Locator reveals that Plaintiff is no longer incarcerated.[2]

## Law and Analysis

Plaintiff's sole remaining request for relief is for placement in general population at OCC. [doc. # 1, p. 8]. As above, however, Plaintiff is no longer incarcerated. Thus, the Court lacks jurisdiction and should therefore sua sponte dismiss Plaintiff's remaining claims and request for relief as moot.

---

[2] TELEPHONE CALL TO IMPRISONED PERSON LOCATOR (December 11, 2020).

2

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). Litigants "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

"This case-or-controversy requirement persists through all stages of federal judicial proceedings." *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020). "If an intervening event renders the court unable to grant the litigant any effectual relief whatever, the case is moot." *Id.* "A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008).

Mootness is jurisdictional and must be raised sua sponte. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, because Plaintiff is no longer incarcerated, his remaining request for injunctive relief and, consequently his remaining claims, are moot.[3] See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief moot); *Lee v. Richland Par. Det. Ctr.*, 483 F. App'x 904 (5th Cir. 2012) (affirming the finding that a detainee's request for injunctive relief was moot because

---

[3] Plaintiff does not allege or suggest, and the record does not reveal, that there is a reasonable, demonstrable probability that he will return to OCC. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

the detainee was no longer housed at the detention center). Plaintiff achieved what he sought when he filed this proceeding: release from lockdown at OCC.[4]

As Plaintiff's claims are moot, the undersigned does not address defendants' motion for summary judgment, which seeks dismissal on grounds other than mootness.[5]

### **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Triney Lavelle Price's remaining claims and request for relief be **DISMISSED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that defendants' motion for summary judgment, [doc. # 19], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[4] See *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020) (finding that the plaintiffs achieved "the very relief their lawsuit sought, and even assuming that [the proposed law they challenged was] unconstitutional, the defendants can do nothing more to ameliorate their claimed injury. The plaintiffs' complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot; that is to say the parties to this lawsuit have no case or controversy before the court, and the federal courts are empowered only to hear cases and controversies.").

[5] While lacking jurisdiction to adjudicate the merits of Plaintiff's claims—or concomitantly any demerits on which defendants rely for summary judgment—the undersigned notes that defendants' arguments/defenses are suboptimal. For instance, defendants argue unconvincingly that Plaintiff's claims are untimely. They seek dismissal of Plaintiff's request for monetary relief, but the Court already dismissed this request. They argue that Plaintiff failed to plead that he exhausted his administrative remedies, but exhaustion is an affirmative defense, and defendants make a desultory attempt to meet their burden. Further, defendants argue that Plaintiff's conditions-of-confinement claims are meritless, but defendants fail to address the bulk of the conditions about which Plaintiff complains.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of December, 2020.

_____
Karen L. Hayes
United States Magistrate Judge